IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA　　　　　　　　　　　　　　　　　PLAINTIFF

V.　　　　　　　　　　　　　　　　　　CAUSE NO. 3:20-CR-128-CWR-LGI-1

WILLIAM GLENN CHUNN, et al.　　　　　　　　　　　　　　　DEFENDANTS

## ORDER DENYING MOTIONS TO DISMISS

Before the Court is William Glenn Chunn's motion to dismiss. Docket No. 201. The Court will not reach the merits of Chunn's *pro se* motion because it violates the hybrid representation rule.

On July 27, 2022, Chunn filed a *pro se* "motion to dismiss indictment," arguing for dismissal on double jeopardy grounds. *Id.*

Pursuant to 28 U.S.C. § 1654, "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . ." "Courts have consistently interpreted this statute as stating a defendant's rights in the disjunctive" so that a "criminal defendant does not have the right . . . to a 'hybrid representation,' partly by counsel and partly by himself." *United States v. Daniels*, 572 F.2d 535, 540 (5th Cir. 1978). "[U]nless an attorney's actions effectively deny the defendant his sixth amendment right to the assistance of counsel, the defendant is bound by his attorney's decisions during trial." *Id.*

Chunn is represented by able counsel and therefore cannot file documents in a *pro se* capacity. *See United States v. Haynes*, No. 4:15-CR-73-5, 2016 U.S. Dist. LEXIS 100333 (N.D. Miss. Aug. 1, 2016); *Martinez v. Dretke,* 426 F. Supp. 2d 403, 534 (W.D. Tex. 2006); *Howard v. Epps*, No. 3:07-CV-10-P, 2010 U.S. Dist. LEXIS 63727 at *1 (N.D. Miss. June 28, 2010).

The Court therefore ORDERS Chunn's *pro se* motion requesting dismissal of the indictment [201] be DENIED without prejudice as to the merits.

**SO ORDERED**, this the 1st day of August, 2022.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE
